IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number: 7:16-CR-010-O-BP-1 |
| | § | |
| DAVID YBARRA | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned submits these Findings, Conclusions, and Recommendation to U.S. District Judge Reed O'Connor pursuant to 28 U.S.C. § 636(b) and the Order of Reference dated February 28, 2017. ECF No. 20. The Court conducted a hearing on March 6, 2017, and heard arguments from all of the parties and evidence with regard to the Petition for Offender Under Supervision filed against **DAVID YBARRA** (the "Defendant").

**I.   PROCEDURAL BACKGROUND**

   **A.   Original Conviction**

On October 21, 2013, Senior U.S. District Judge John D. Rainey of the Southern District of Texas sentenced the Defendant to twelve months and one day imprisonment, followed by three years of supervised release, as a result of a guilty plea to count one of a four count indictment charging him with Conspiracy to Harbor and Transport Unlawful Aliens, a violation of 8 U.S.C. § 1324(a)(l)(A)(ii), (a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(l)(B)(i). Document No. 53 in Case 2:13-cr-00491-S-002 ("S.D. Tex. Case").

Thereafter, the Defendant completed his period of imprisonment and began service of the supervision term. On January 23, 2015, U.S. District Judge Randy Crane found that the Defendant violated a mandatory condition of his release by illegally possessing and unlawfully using a controlled substance. Document No. 151, S.D. Tex. Case. Judge Crane modified the Defendant's

supervision to include a special condition of participation in a residential re-entry center for a period of up to 90 days. *Id.*

On April 22, 2015, Judge Crane revoked the Defendant's supervision for failure to participate as directed in a drug treatment program. Document No. 160, S.D. Tex. Case. Defendant was sentenced to time served and continued supervised release until the date of expiration, March 12, 2017. *Id.*

On April 19, 2016, jurisdiction was transferred from the Southern District of Texas to the Northern District of Texas with an Order Transferring Jurisdiction signed by U.S. District Judge Reed C. O'Connor accepting jurisdiction. ECF No. 1.

### B. Current Revocation Proceedings

#### 1. Procedural History

On October 17, 2016, the United States Probation and Pretrial Services Office prepared a Petition for Offender Under Supervision, requesting that Judge O'Connor issue a violator's warrant for Defendant's arrest after he violated certain conditions of supervised release discussed below. ECF No. 4. Judge O'Connor ordered the issuance of a warrant in response to the Petition on that same day. *Id.*

Defendant appeared before U.S. Magistrate Judge Jeffrey L. Cureton on October 27, 2016 for an initial appearance and probable cause and detention hearing. Magistrate Judge Cureton apprised the Defendant of his rights, found probable cause that he had committed the violations of conditions of supervised release as stated in the Petition, and released the Defendant on the same conditions of supervised release as had previously been imposed pending a Final Revocation Hearing scheduled for December 19, 2016 before Judge O'Connor. ECF No. 10.

On November 30, 2016, the United States Probation and Pretrial Services Office prepared a Supplemental Petition for Offender Under Supervision and requested that Judge O'Connor order the issuance of another arrest warrant for Defendant. ECF No. 14. Judge O'Connor ordered the issuance of that warrant on the same day. *Id.*

On December 19, 2016, the Defendant failed to appear at the Final Revocation Hearing before Judge O'Connor, and the Court ordered the Clerk to issue a warrant for his arrest. ECF Nos. 16 and 17. The Defendant was arrested by officials of the Hidalgo County Sheriff's Office on December 29, 2016. ECF No. 19.

## 2. Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release.

a. The Petition for Offender Under Supervision filed October 17, 2016 described the alleged violations as follows:

**Violation of Mandatory Conditions**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the Court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Violation of Special Condition**

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not limited to urine, breath, saliva, and skin testing to determine whether the defendant reverted to the use of drugs and/or

3

alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to such drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

**Nature of Noncompliance**

David Ybarra violated these conditions of supervised release by using and possessing cocaine and hydrocodone, illegal controlled substances, in or about March 2016. On March 21, 2016, Mr. Ybarra submitted a urine specimen to U.S. Probation Officer (USPO) James Williams at 1006 South 8th Street, Paducah, Texas, which tested positive for cocaine and opiates. Furthermore, the urine sample was confirmed positive for cocaine on April 10, 2016, and for hydrocodone on April 12, 2016, by Alere Laboratories.

Mr. Ybarra violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about April 2016. On April 25, 2016, Mr. Ybarra submitted a urine specimen to USPO Williams at 1006 South 8th Street, Paducah, Texas, which tested positive for amphetamines. Furthermore, the urine sample was confirmed positive for methamphetamine by Alere Laboratories on May 13, 2016.

Mr. Ybarra violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about July 2016. On July 1, 2016, Mr. Ybarra submitted a urine specimen to USPO Williams at 1006 South 8th Street, Paducah, Texas, which tested positive for amphetamines. Furthermore, the urine sample was confirmed positive for methamphetamine by Alere Laboratories on July 16, 2016.

Mr. Ybarra violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about July 2016. On July 27, 2016, Mr. Ybarra submitted a urine specimen to USPO Williams at 1006 South 8th Street, Paducah, Texas, which tested positive for amphetamines. Furthermore, the urine sample was confirmed positive for methamphetamine by Alere Laboratories on August 6, 2016.

Mr. Ybarra violated these conditions of supervised release by using and possessing methamphetamine and Vicodin. Mr. Ybarra admitted to UPSO Williams that he used methamphetamine and Vicodin on April 19, 2016.

Mr. Ybarra violated these conditions of supervised release by failing to submit a urine sample for testing on January 5, February 26, and August 29, 2016.

       b.  The Supplemental Petition for Offender Under Supervision filed

November 30, 2016 described the alleged violations as follows:

**Violation of Mandatory Conditions**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Nature of Noncompliance**

David Ybarra violated these conditions of supervised release as evidenced by his arrest for Possession of a Controlled Substance Penalty Group One Less Than or Equal to One Gram Less Than Four Grams on August 14, 2016, in Paducah, Texas, in violation of Texas Health and Safety Code 481.115(c), a felony.

According to Paducah Police Department records, on August 14, 2016, at approximately 3:05 p.m., while watching some apartments in the 1300 block of Birdy, Chief Roy Rodriguez noticed a brown Chevrolet Blazer parked in front of an apartment that his department has been watching for illegal activities. Officer Rodriguez conducted a traffic stop in the 700 block of Birdy in Paducah, Texas, on a vehicle bearing Texas License Plate No. GHT3183, as neither the driver nor the passenger were wearing a seat belt. Contact was made with the driver of the vehicle who was later identified as David Ybarra, Jr., by his Indiana State Identification Card. Mr. Ybarra noted at this time that his Texas Driver's License was suspended. Officer Rodriguez noticed Mr. Ybarra was acting very nervous and kept moving his hand around the center console area. Mr. Ybarra was asked if he minded if a search was conducted on his vehicle, at which time Mr. Ybarra declared he did not want his vehicle searched. Mr. Ybarra was advised at this time that K-9 Edo would be deployed and if he alerted to anything on the vehicle, Officer Rodriguez would have probable cause to search the vehicle. Mr. Ybarra became very angry and agitated. Officer Rodriguez noted Edo is certified for Dual Purpose Narcotics and has just recently re-certified in marijuana, cocaine, methamphetamine, heroine, and MDMA as of June 10, 2016. Edo was walked to the front driver side bumper area, and Edo immediately alerted on the driver side area. Edo was pulled off the vehicle and was once again started on the front driver side bumper area. Edo again alerted immediately on the driver side area. Mr. Ybarra was found to be in possession of methamphetamine. He was arrested for Possession of a Controlled Substance Penalty Group One Less Than or Equal to One Gram Less Than Four Grams and was transported to the Childress County Detention Center.

During a telephone conversation on October 20, 2016, Chief Roy Rodriguez confirmed the arrest of Mr. Ybarra, noting he had to get the K-9 out to obtain probable cause to search the vehicle. Officer Rodriguez stated that methamphetamine was found on the driver's side of the vehicle, and Mr. Ybarra was taken into custody.

### 3.     **Revocation Hearing**

A Final Revocation Hearing was held on March 6, 2017, before the undersigned. Defendant appeared in person and with his court-appointed counsel, Frank Trotter, Esq. The United States appeared through Assistant United States Attorney Mary Walters. The proceedings were reported by Mr. Sean McRoberts and were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned directed Defendant to the allegations contained in the Petition for Offender Under Supervision and read the allegations of violation to the Defendant, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court.

Pursuant to an agreement between the parties, the United States abandoned making a claim as to the alleged violations noted above in the original Petition for Offender Under Supervision and the Supplemental Petition for Offender Supervision, other than the Violation of Standard Condition No. 7 in the original Petition, to which Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, limited solely and specifically to Standard Condition No. 7 of the original Petition for Offender Under Supervision, that the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

Defendant consented orally and in writing to allocution before the magistrate judge. ECF No. 19.

Defendant's counsel proffered that Defendant failed to appear for the Final Revocation Hearing scheduled before Judge O'Connor on December 19, 2016 due to being incarcerated in the

Hidalgo County Jail on an outstanding warrant. He emphasized that the Defendant was attempting to address his drug addiction and substance abuse problems, but was having difficulty in part because of the nearest drug treatment center being located in Childress, Texas, while the Defendant resided in Paducah, Texas. Counsel also noted that the Defendant's current term of supervised release was slated to be completed in March 2017.

In response to questions from his counsel, Defendant confirmed that he was attempting to get treatment for his drug addiction and that he had made efforts to be admitted to an in-patient treatment facility. He also stated that he had located residential treatment facilities that might be available for him, but his insurance and Medicaid status prevented him from being able to take advantage of those facilities. Defendant also admitted that he had continued to use drugs as alleged by the United States, and he accepted responsibility for his actions.

In response to questioning from the government about his efforts to secure residential treatment, Defendant stated that he believed that he had made statements to be admitted for treatment based on what a friend or his probation officer had told him to say.

## II.   FINDINGS OF THE COURT

   A.   The Defendant pleaded true to the allegations that he violated Standard Condition No. 7 of his supervised release as contained in the U.S. Probation Office's original Petition for Offender Under Supervision and as set forth in Section I.B(2) above, specifically limited to Standard Condition No. 7 of the Petition for Offender Under Supervision, that the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

   B.   The Defendant was competent to make the decision to plead true to the allegations;

   C.   The Defendant had both a factual and rational understanding of the proceedings against him;

D.     The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

E.     The Defendant was sane and mentally competent to participate in these proceedings and to assist his attorney in the preparation and conduct of his defense;

F.     The Defendant received a copy of the U.S. Probation Office's Petition for Offender Under Supervision and the Supplemental Petition for Offender Under Supervision, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

G.     A preliminary revocation hearing and detention hearing were held before Magistrate Judge Jeffrey L. Cureton, and Magistrate Judge Cureton found probable cause to believe that the Defendant had violated the terms of his supervised release, and ordered the Defendant's release pending a Final Revocation Hearing before Judge O'Connor;

H.     The Defendant failed to appear at the Final Revocation Hearing before Judge O'Connor, and a warrant was issued for his arrest;

I.     At the final revocation hearing scheduled before the undersigned magistrate judge, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived those rights and pleaded true to the allegations listed in subsection I.B(2) above, specifically limited to Standard Condition No. 7 of the Petition for Offender Under Supervision that the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; and

J.     The Defendant violated Standard Condition No. 7 of his supervised release.

### III.   SENTENCING

#### A.   FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

    1.    The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

    2.    The need for the sentence imposed to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, *see* 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D)[1];

    3.    The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, *see* 18 U.S.C. § 3553(a)(4)(B);

    4.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6); and

    5.    The need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

    **B.**    **STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a), p.s., suggests a revocation range of five to eleven months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade C violation. Revocation of supervised release and a term of imprisonment not

---

[1] Pursuant to *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *Tapia v. United States*, 564 U.S. 319 (2011).

to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance and more than three positive tests for illegal controlled substances over the course of one year. *See* 18 U.S.C. § 3583(g)(1) and (4).[2]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also United States v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release up to three years, less any term of imprisonment imposed upon revocation of his current supervised release.

## IV.    ANALYSIS AND RECOMMENDATION

As mentioned previously, Defendant has been on supervised release since completing the prison sentenced imposed by Senior District Judge Rainey on October 21, 2013. On January 23, 2015, District Judge Crane found that the Defendant had violated the conditions of his supervised and imposed an additional term that required the Defendant to participate in a residential re-entry center or similar facility for a period of up to 90 days. On April 22, 2015, Judge Crane revoked the Defendant's supervision because he failed to participate in the ordered drug treatment program. Jurisdiction was transferred to this Court on April 19, 2016.

---

[2] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. § 3583(d) and does not find that an exception is warranted due to the facts of this case.

Following transfer of his case to this Court, the Defendant has continued to use illegal narcotics and has had more than three positive tests for illegal controlled substances over the course of one year. The U.S. Sentencing Commission Policy Statements in Chapter 7 allow the Court discretion to revoke supervision for a Grade C violation pursuant to USSG § 7B1.3(a)(2), p.s. While he was under supervision, the Defendant continued to possess and use controlled substances, which makes him a risk to the community. It is clear that he has not reintegrated into society following his release from prison and has not adhered to a crime-free life following the commencement of his term of supervised release. A sentence of 11 months will serve to address Defendants' drug possession and use in violation of the conditions of his supervised release and will serve as a deterrent from further criminal conduct. Additionally, given the facts in this case, it does not seem that the Defendant would benefit from an additional term of supervised release following the completion of that sentence.

## V. CONCLUSION

Upon consideration of the foregoing, the undersigned **RECOMMENDS**:

A.  that Defendant **be found to have violated** the conditions of his supervised release as set forth in Section I.B(2) above, specifically limited to Standard Condition No. 7 of the original Petition for Offender Under Supervision, that the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

B.  that his supervised release **be REVOKED**;

C.  that he be **SENTENCED to the custody of the Attorney General for a period of eleven (11) months**; and

D.  that **no supervised release be reimposed** following the completion of that sentence.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 10, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE